**Samuel A. ARONSON, Petitioner,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Respondent.**

**No. 92–561.**

United States Court of Veterans Appeals.

Jan. 26, 1993.

Before IVERS, Associate Judge.

## ORDER

This matter is before the Court on motions filed by petitioner on August 20, 1992, August 28, 1992, September 9, 1992, and November 20, 1992.

On July 20, 1992, petitioner moved that Judge Ivers recuse himself from deciding a simultaneously filed motion for review of this Court's July 7, 1992, denial of petitioner's writ of mandamus. Petitioner sought recusal under the provisions of 28 U.S.C. § 455.

On August 14, 1992, Judge Ivers issued a single-judge order which denied the motion.

On August 20 and 28, 1992, the Court received from petitioner, pursuant to Rule 35(b) of this Court's Rules of Practice and Procedure, motions for review of the

Court's August 14, 1992, order which denied the recusal of Judge Ivers.

On September 2, 1992, a panel of this Court denied petitioner's July 20, 1992, motion for review of the July 7, 1992, denial of the writ of mandamus.

On September 9, 1992, petitioner filed a motion for clarification of the September 2, 1992, order denying the motion for review. Petitioner's motion for clarification requested, inter alia, the status of the motions filed August 20, 1992, and August 28, 1992. An issue presented by these motions, i.e., whether a panel may review a single judge's denial of a motion for recusal, is addressed in an opinion issued by a three-judge panel (Nebeker, Chief Judge, and Mankin and Steinberg, Associate Judges). The motions filed August 20 and August 28, 1992, have been construed by the Court as motions for reconsideration of the August 14, 1992, order pursuant to Rule 35(a). Accordingly, those motions for reconsideration are considered in this order.

Among the arguments advanced by petitioner in his motions is that the August 14, 1992, order denying the July 21, 1992, motion for recusal should be reconsidered because of a previous recusal by the same Judge in another case. With regard to this matter, this Court states that the bases for the recusal action in *Bernklau v. Derwinski*, U.S. Vet.App. No. 90–637 (order designating Chief Judge Nebeker to panel in Judge Ivers' stead, Nov. 6, 1991), are unrelated to any matters raised in this case.

On November 20, 1992, petitioner filed a motion for an injunction or stay pending appeal pursuant to Rule 8 of this Court's Rules of Practice and Procedure. The initial decision in this case, filed July 2, 1992, remanded petitioner's case. In his motion, petitioner asserted that the Regional Office (RO) was following through with the initial remand, and petitioner requested that the Court take action to stay or enjoin present actions by the RO. Petitioner's Mot. at 2. On December 11, 1992, the Court ordered the Secretary to respond to petitioner's contentions.

On January 12, 1993, the Secretary responded to petitioner's November 20, 1992, motion for injunction. The Secretary stated that petitioner's motion should be denied as moot, given that the RO had notified petitioner in a letter dated December 21, 1992, that no further action would be taken with respect to his claim pending a determination by this Court of other motions now before it. Secretary's Mot. at 8. On January 19, 1993, petitioner submitted a response to the Secretary's January 12, 1993, response to his motion for injunction.

Upon consideration of the foregoing, it is

ORDERED that petitioner's motions, dated August 20, 1992, and August 28, 1992, for reconsideration of the August 14, 1992, order denying recusal are denied. It is further

ORDERED that petitioner's November 22, 1992, motion for injunction is denied.